**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Chelsea B Steinbring,

Plaintiff,

v.

Unknown Party,

Defendant.

No. CV-25-00500-TUC-JCH

**ORDER**

On September 4, 2025, Plaintiff Chelsea Steinbring filed a Complaint against "John Doe (Unknown Scammer)," purporting to bring claims under 18 U.S.C. § 1343, the wire fraud statute, and 18 U.S.C. § 1030, the Computer Fraud and Abuse Act. Doc. 1. Plaintiff alleges that "[o]n July 16th 2025 Plaintiff was contacted through Whatsup App [sic] messaging application from a telephone number registered to T-Mobile. The individual misrepresented themselves and persuaded Plaintiff to initiate a financial transfer under false pretenses." Doc. 1 at 4. Plaintiff provides no other facts to support her Complaint. For the following reasons, the Court will dismiss the Complaint with leave to amend.[1]

## I. Federal Rule of Civil Procedure 9(b)

Under Federal Rule of Civil Procedure 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b)

[1] "A trial court may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Dismissal under Rule 9(b) is the "functional equivalent" of dismissal under Rule 12(b)(6). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

requires "that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "To satisfy this standard, a plaintiff asserting fraud-based claims 'must set forth what is false or misleading about [the defendant's] statement[s], and why [they are] false.'" *Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) (alterations in original) (quoting *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019)). The purpose of the particularity requirement is, in part, to "prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996).

Plaintiff's Complaint does not comply with Rule 9(b). Plaintiff alleges an unknown individual "misrepresented themselves and persuaded Plaintiff to initiate a financial transfer under false pretenses," but she explains nothing more. Without more, the Court cannot discern what was false or misleading about Defendant's statements, why they were false, or who perpetrated the fraud. *See Bodenburg*, 146 F.4th at 771 (reasoning the plaintiff could not "point to any statements in the Agreement that [were] truly deceptive" or "set forth facts showing that [the allegedly ambiguous and misleading] statements [were] false"); *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quotations omitted) ("mere conclusory allegations of fraud are insufficient" to meet Rule 9(b)'s requirements). Accordingly, Plaintiff has failed to state a claim, and the Court will dismiss her Complaint. *See Vess*, 317 F.3d at 1107 ("When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim.").

///

**II. Warnings**

Though the Court will grant leave to amend to remedy the Complaint's shortcomings under Rule 9(b), there are other problems Plaintiff should address should she choose to amend her Complaint.

First, Plaintiff purports to bring her claims under two criminal statutes: 18 U.S.C. § 1343 and 18 U.S.C. § 1030. Generally, a private individual may not sue someone for violation of a criminal statute, including the wire fraud statute. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Complaint contains no reference to any other federal statute and, accordingly, has not properly alleged a cause of action arising from federal law. *See generally* Doc. 1. To the extent Plaintiff is attempting to assert a common law fraud claim, there is no federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff has not alleged, nor does her Complaint establish, that the Court has diversity jurisdiction.[2] If Plaintiff cannot establish subject matter jurisdiction—whether via a federal question or diversity—the Court will not be able to exercise power over this case. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."). Plaintiff should consider whether her case belongs in state court or whether to report the case to law enforcement if she has not already done so.

It is also unclear that the Court will be able to provide Plaintiff with the relief she seeks. Plaintiff filed her Complaint on September 4, 2025, and has yet to submit a summons or serve Defendant. *See generally* Docket. This is almost certainly because Defendant is an unidentified individual. *See Stallings v. Unknown Party*, 2021 WL 4458883, No. 21-CV-1328-PHX, at * 4–5 (D. Ariz. Sep. 28, 2021) ("As a practical matter, it is impossible in most instances . . . to serve a summons and complaint . . . upon an anonymous defendant."). In the Ninth Circuit, "the use of 'John Doe' to identify a defendant [generally]

---

[2] To establish diversity jurisdiction, the amount in controversy must exceed $75,000, and there must be complete diversity among the parties (i.e., Plaintiff must be a citizen of a different state than all defendants). Plaintiff's Complaint requests $65,000 in damages, and because Defendant is an unknown person, it is unclear whether complete diversity exists. If Plaintiff cannot establish diversity jurisdiction, a common law fraud claim belongs in state court.

is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But in circumstances where some defendants' identities may be unknown, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Id.* The problem is that this principle is usually applicable when there are other known parties to the lawsuit. *See id.* (finding error where the district court did not require named defendants to reply to plaintiff's interrogatories requesting information about the unknown defendants). Here, because there are no named defendants and thus no one to serve, a complaint alone will not allow this action to move forward. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."), *superseded by statute on other grounds*, Fed. R. Civ. P. 4.

Plaintiff should consider the above warnings in deciding whether to amend her Complaint. If she does choose to amend, Plaintiff should follow the guidelines on the court-approved form for filing a civil complaint. Should Plaintiff seek to bring multiple counts, she should clearly designate each claim in a separate paragraph. Plaintiff must make clear what her cause(s) of action are and how Defendant's alleged conduct is wrongful under each cited statute.

## III. Order

Accordingly,

**IT IS ORDERED dismissing without prejudice** Plaintiff's Complaint (Doc. 1). Within **30 days** of the date of this Order, Plaintiff may file an amended complaint to address the deficiencies outlined above.

Dated this 8th day of October, 2025.

John C. Hinderaker
United States District Judge