**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chelsea B Steinbring, | No. CV-25-00500-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, | |
| Defendant. | |

      Before the Court are Plaintiff's Amended Complaint (Doc. 10)[1] and Motion for Issuance of Subpoena (Doc. 9). On October 8, 2025, the Court issued an Order dismissing Plaintiff's original Complaint. Doc. 7. The Court dismissed the Complaint for failure to comply with Federal Rule of Civil Procedure 9(b) but warned Plaintiff that her Complaint also failed to establish a basis for federal question or diversity jurisdiction. *See* Doc. 7 at 3. In granting leave to amend, the Court warned Plaintiff that if she could not establish subject matter jurisdiction, the Court would not be able to exercise power over this case.

      Plaintiff's Amended Complaint again fails to establish the Court's subject matter jurisdiction. Though the Amended Complaint asserts the basis for federal court jurisdiction is federal question, it fails to follow the form's instructions and list the specific statutes, treaties, or provisions of the Constitution at issue. There is no mention of any statute or other legal basis for Plaintiff's claims anywhere in the Amended Complaint. Plaintiff does not claim that the Court has diversity jurisdiction, and the amount in controversy does not

---

[1] Plaintiff filed two amended complaints. *See* Docs. 10, 11. Because they appear to be identical, the Court will address only the first filing (Doc. 10).

meet the requisite $75,000 threshold. Without subject matter jurisdiction, the Court cannot allow this case to move forward.[2] *See* Fed. R. Civ. P. 7(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (internal quotations omitted) ("If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss.").

Though the Court will grant leave to amend to allow the Plaintiff another attempt to establish subject matter jurisdiction, Plaintiff should heed the reminders in the Court's prior order. *See* Doc. 7. If Plaintiff chooses to amend, her second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior Complaints by reference. A second amended complaint supersedes both prior Complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. To avoid another, and possibly final, dismissal, Plaintiff must address the Court's feedback and fix the defects identified in her two prior Complaints.[3]

///
///
///
///
///
///
///
///

---

[2] Because the Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint and must dismiss it, it also lacks the power to grant Plaintiff's Motion for Issuance of Subpoena.

[3] It appears Plaintiff may be attempting to assert a common law fraud claim. If this is her sole claim, she can only continue in federal court if she establishes diversity jurisdiction. Plaintiff would not face this jurisdictional hurdle were she to file in state court, and she should consider whether this makes her case more suitable for state court.

Accordingly,

**IT IS ORDERED dismissing without prejudice** Plaintiff's Amended Complaint (Doc. 10). Within **30 days** of the date of this Order, Plaintiff may file an amended complaint to address the deficiencies outlined above.

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Issuance of Subpoena (Doc. 9).

Dated this 22nd day of October, 2025.

_____
John C. Hinderaker
United States District Judge